**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| John Williams (#202490),<br>Plaintiff,<br><br>v.<br><br>PTS of America,<br>James Hall Randle Jr.,<br>Clayton Griffin,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>Case No. 17 C 5115<br><br>Honorable Judge<br>Edmond E. Chang |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

**NOW COMES** Plaintiff, John Williams Jr., by and through his attorneys, Marilee Clausing and Matthew Kaminski, Hall Prangle & Schoonveld, LLC, files this Third Amended Complaint[1] against James Hall Randall Jr., Clayton Griffin, and PTS of America.

## NATURE OF THE CASE

1. This case involves unlawful acts committed against Plaintiff John Williams Jr. by Defendants James Hall Randall Jr. and Clayton Griffin, during the scope of their employment with Defendant-employer, PTS of America, a prison transportation company.

2. On June 2, 2017, Defendants were responsible for operating a prison van to transport Plaintiff, and several other detainees, to their respective jails. Plaintiff was transported by Defendants from the Will County Jail, located in Joliet, IL, to Racine County Jail, located in Racine, Wisconsin.

3. As a result of the unlawful conduct that occurred during Plaintiff's transportation, he asserts federal constitutional and state law claims against Defendants, as set forth below.

[1] This first two amended complaints were filed by Plaintiff when he was *pro se* prior to this Court appointing the undersigned as pro bono counsel.

## JURISDICTION AND VENUE

4. This Court has federal subject-matter jurisdiction under 28 U.S.C. §1331, §1343(a), and 42 U.S.C. § 1983, because Plaintiff asserts a federal claim for violations of his Eighth Amendment Rights arising under the U.S. Constitution.

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims asserted herein occurred in this Judicial District.

## PARTIES

7. Plaintiff John Williams Jr. was detained at the Will County Jail in Joliet, IL, on June 2, 2017.

8. Defendant PTS of America is in the business of transporting prisoners between jails pursuant to contracts with various correctional institutions.

9. Defendant James Hall Randall Jr. was at all times relevant, including on June 2, 2017, employed by PTS of America and was responsible for operating PTS of America prison transportation vans, including the prison transportation van on June 2, 2017, that transported Plaintiff from Will County Jail to Racine County Jail.

10. Defendant Clayton Griffin was at all times relevant, including on June 2, 2017, employed by PTS of America and, like Defendant Randall Jr., was responsible for operating PTS of America prison transportation vans, including the prison transportation van on June 2, 2017, that transported Plaintiff from Will County Jail to Racine County Jail.

## ALLEGATIONS OF FACT

11. On June 2, 2017, Plaintiff was detained at the Will County Jail in Joliet, IL.

12. That same day, Plaintiff was ordered to enter a prison transportation van, along with numerous other inmates who were also being detained at the Will County Jail.

13. Defendant Randall Jr. and Defendant Griffin were the prison van drivers responsible for the June 2, 2017 transportation of Plaintiff and other individuals that were in the prison van. Both Defendants Randall Jr. and Griffin were employed by Defendant, PTS of America, and were acting within the scope of their employment on June 2, 2017 during the prison transportation of Plaintiff.

14. Plaintiff's transportation from Will County Jail (located in Joliet, Illinois) to the Racine County Jail (located in Racine, Wisconsin) lasted approximately 6 to 7 hours and made several stops. At no point was Plaintiff permitted to leave the van. Plaintiff was within the custody and control of Defendants Randall Jr. and Griffin at all times during the transportation.

15. Upon information and belief, there was an operable security camera contained within the prison van that captured the events complained of herein on June 2, 2017.

16. Early in the day on June 2, 2017, Plaintiff left the Will County Jail and was placed in the back of the prison van with several other inmates. Plaintiff was handcuffed and shackled, but was not seat-belted into the prison van. The same was true for other inmates that were in the prison van.

17. On behalf of Defendant PTS of America, Defendants Randall Jr. and Griffin were the two drivers assigned to transport Plaintiff and the other individuals on June 2, 2017. Once the Defendant-drivers left the Will County Jail, Plaintiff and the other inmates began to notify Defendants Hall Jr. and Griffin that the temperature inside the back of the prison van where they were all located was becoming extremely hot and unbearable.

18. Plaintiff and the other inmates requested ventilation of any kind in order to lower the extremely hot temperature within the back of the prison van.

19. One inmate even notified the Defendant-drivers that he could not breathe due to his asthmatic condition and the extreme temperature in the back of the prison van.

20. Upon information and belief, the prison van stopped at the Cook County Jail, located at 2650 South California Avenue, Chicago, IL, but Plaintiff was not permitted to exit the vehicle nor was he permitted to use the washroom, despite repeated requests to do so. At this time, Plaintiff notified Defendants Randall Jr. and Griffin that he needed to use the washroom because he was on certain medications for high blood pressure. Defendants ignored, entirely, Plaintiff's request for the bathroom in light of his medical needs and slammed the prison van door.

21. In addition, Defendant-drivers stopped the van for a cigarette break, but did not permit Plaintiff, or any of the other inmates, to use the washroom or otherwise address the complaints contained in this Complaint.

22. With all of this life-threatening information in hand, Defendants Hall Jr. and Griffin inexplicably denied Plaintiff's requests to reduce the extreme heat, lack of ventilation, and the need to use the washroom, and instead unlawfully retaliated against Plaintiff, personally, and the other inmates by driving recklessly during the transportation, including but not limited to: intentionally taking sharp turns and abruptly slamming on the breaks, all of which caused Plaintiff, and the other inmates, to physically collide with each other while being whipped around in the back of the prison van, all of which caused physical pain and suffering as well as emotional pain and suffering to Plaintiff.

23. Defendant-drivers knew that none of the inmates were seat-belted into the prison van as they were present when the inmates were loaded into the prison van that they were responsible

for operating and transporting. Defendant-drivers also knew that taking sharp turns or abruptly stopping with inmates who were not seat-belted to the van, would cause the bodies of the numerous inmates to physically collide with each other, causing physical, emotional, and psychologic injuries to Plaintiff and the other inmates.

24. One of the inmates, who weighed approximately 300 pounds, was so nauseated and distraught by Defendant-drivers' willful and unlawful behavior, he cried out to Defendant-drivers that he could no longer handle the current conditions and had to lay down on the floor of the prison van, which caused other inmates to have to put their body parts on him. Defendants did nothing to fix this obvious problem.

25. In addition, Plaintiff personally complained to Defendants Hall Jr. and Griffin that he needed to use the washroom for several hours. His repeated requests to use the washroom were denied. Neither Defendant permitted Plaintiff to use the washroom for hours.

26. Finally, after hours of requests by Plaintiff to use the washroom were rebuffed by Defendant-drivers, Plaintiff unfortunately urinated and defecated himself as a result of Defendant-drivers unlawful refusal to address Plaintiff's need to relieve himself. Plaintiff remained handcuffed and shackled at all times and was therefore unable to relieve himself of his urinated and defecated clothing for the remainder of the transportation. Plaintiff was humiliated.

27. Other inmates soon determined that it was Plaintiff who urinated and defecated himself, further causing Plaintiff to fear for his personal safety and exacerbating his humiliation and anxiety. Defendants went to an unknown parking garage and *again* ignored Plaintiff's request to exit the van and to help him remove the urination and fecal matter from his clothing. One of the Defendant-drivers expressly acknowledged that "one of you [motherf*****s] stink."

28. For the entirety of the approximately 6 to 7 hour transport, it was always extremely hot in the back of the prison van; the prison van seriously lacked ventilation; it was cramped with numerous other inmates, which only caused the temperature in the prison van to rise even higher; and Plaintiff was forced to endure his own urination and fecal matter because of Defendants conscious disregard for his welfare and deliberate choices of refusing Plaintiff's request to use the washroom.

29. All of the conduct alleged above establishes that Defendants Hall Jr. and Griffin engaged in intentional, willful misconduct that violated Plaintiff's Eighth Amendment Rights as well as his rights under state law.

## COUNT I

### 42 U.S.C. §1983 – Unsafe Conditions of Confinement

### (Defendant James Hall Randall Jr.)

30. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

31. Defendant Randall Jr. acted under color of law.

32. Defendant Randall Jr. acted with deliberated indifference to the substantial risk of serious harm to Plaintiff during the prison transportation on June 2, 2017, as alleged in Paragraphs 1-29, *supra*, and incorporated herein. He knew that Plaintiff was not seat-belted to the van and that abruptly stopping for no legitimate traffic reason would cause substantial risk of serious harm to Plaintiff. Defendant Randall Jr. knew that other inmates were not seat-belted into the van and that stopping abruptly and taking unnecessarily sharp turns would cause substantial risk of serious harm to Plaintiff—who was also shackled and handcuffed—yet Defendant Randall Jr. consciously disregarded that risk. Defendant Randall Jr. knew that the back of the transportation van was extremely hot; that Plaintiff and the other inmates complained about the extremely hot

conditions with no ventilation; and knew that Plaintiff urinated and defecated himself, yet Defendant Randall Jr. consciously disregarded all of these substantial risks of serious harm to Plaintiff, individually and collectively. These acts/inactions, as well as all of the acts/inactions contained within Paragraphs 1-29, *supra*, were intentional, willful, and, at a minimum, akin to criminal recklessness.

33. Defendant Randall Jr.'s actions were a direct and proximate cause of the injuries sustained by Plaintiff, who suffered severe physical and emotional injuries and pain and suffering.

## COUNT II

### 42 U.S.C. §1983 – Unsafe Conditions of Confinement

### (Defendant Clayton Griffin)

34. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

35. Defendant Griffin acted under color of state law.

36. Defendant Griffin acted with deliberated indifference to the substantial risk of serious harm to Plaintiff during the prison transportation on June 2, 2017, as alleged in Paragraphs 1-29, *supra*, and incorporated herein. He knew that Plaintiff was not seat-belted to the van and that abruptly stopping for no legitimate traffic reason would cause substantial risk of serious harm to Plaintiff. Defendant Griffin knew that other inmates were not seat-belted into the van, and that stopping abruptly and taking unnecessarily sharp turns would cause substantial risk of serious harm to Plaintiff—who was also shackled and handcuffed—yet Defendant Griffin consciously disregarded that risk. Defendant Griffin knew that the back of the transportation van was extremely hot; that Plaintiff and the other inmates complained about the extremely hot conditions

with no ventilation; and knew that Plaintiff urinated and defecated himself, yet Defendant Griffin consciously disregarded all of these substantial risks of serious harm to Plaintiff, individually and collectively. These acts/inactions, as well as all of the acts/inactions contained within Paragraphs 1-29, *supra*, were intentional, willful, and, at a minimum, akin to criminal recklessness.

37. Defendant Griffin's acts were a direct and proximate cause of the injuries sustained by Plaintiff, who suffered severe physical and emotional injuries and pain and suffering.

## COUNT III

### Illinois Law – Negligence

### (Defendants PTS of America, James Hall Randall Jr., and Clayton Griffin)

38. Plaintiff re-alleges and incorporate by reference the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

39. On June 2, 2017, and at all times relevant, Defendants Randall Jr. and Griffin, were agents and/or employees of Defendant PTS of America, and were acting within the scope of their employment at all times relevant.

40. As Defendants Randall Jr. and Griffin are the agents and/or employees of Defendant PTS of America, Defendant PTS of America is liable for the conduct of its agents/employees, including but not limited to Defendants Randall Jr. and Griffin.

41. Upon information and belief, Defendant PTS of America has a contractual relationship with the Will County Jail to transport prisoners to different jails or prisons.

42. On the date alleged herein, it was the duty of the Defendants, PTS of America, Randall Jr., and Griffin, to exercise that degree of care in providing transportation services to Plaintiff, that is ordinarily exercised by similar persons and institutions engaged in transportation of persons.

43. Despite such duty, Defendants PTS of America, by and through its agents and/or employees, including Defendants Randall Jr. and Griffin, negligently and carelessly committed one or more of the following negligent acts or omissions while driving the PTS of America prison transportation van on June 2, 2017:

a. Failed to properly and/or adequately use safety restraints for Plaintiff during his transportation on June 2, 2017, despite knowing that the van would include numerous other individuals that were not seat-belted and unsecure;

b. Failed to allow Plaintiff to use the bathroom during a 6 to 7 hour transport on June 2, 2017, resulting in harm to Plaintiff's welfare in that he urinated and defecated himself;

c. Failed to allow Plaintiff the opportunity use the bathroom after Defendants were on notice that Plaintiff urinated and defecated himself during the June 2, 2017 transport, resulting in harm to Plaintiff's welfare;

d. Failing to provide adequate ventilation and avoid extremely hot temperatures inside the prison van for the entirety of the 6 to 7 hour trip that was filled with numerous inmates, including Plaintiff, resulting in harm to Plaintiff's welfare;

44. The actions taken by Defendants Randall Jr. and Griffin were taken within the scope of their employment of Defendant PTS of America such that Defendant PTS of America is liable for their actions.

45. As a direct and proximate result of one or more of the foregoing acts or omissions, Plaintiff sustained injuries, both physical and emotional.

46. As a result of these injuries, Plaintiff was caused to, and will in the future, experience physical and emotional pain and suffering.

## COUNT IV

### Illinois Law –Willful and Wanton Conduct

### (Defendants PTS of America, James Hall Randall Jr., and Clayton Griffin)

47. Plaintiff re-alleges and incorporate by reference the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

48. On the date alleged herein, June 2, 2017, it was the duty of the Defendants, PTS of America, Randall Jr., and Griffin, to exercise that degree of care in providing transportation services to Plaintiff, that is ordinarily exercised by similar persons and institutions engaged in transportation of persons.

49. On the date alleged herein, June 2, 2017, Defendants breached that duty by engaging in a course of action which demonstrated an actual or deliberate intention to cause harm or which if not intentional, showed an utter indifference to or conscious disregard for the welfare of Plaintiff.

50. Despite such duty, Defendants Randall Jr. and Griffin, and Defendant PTS of America, by and through its agents and/or employees Randall Jr. and Griffin, breached their duty by engaging in the following course of action while driving the PTS of America prison transportation van on June 2, 2017:

a. Actually and/or deliberately intended to cause harm to Plaintiff and/or acted utterly indifferent to and/or consciously disregarded Plaintiff's welfare by failing to properly and/or adequately use safety restraints for Plaintiff, as well as the other inmates in Plaintiff's transportation van on June 2, 2017, which are especially important for shackled inmates like Plaintiff;

b. Actually and/or deliberately intended to cause harm to Plaintiff and/or acted utterly indifferent to and/or consciously disregarded Plaintiff's welfare by failing to allow Plaintiff the opportunity use the bathroom during a 6 to 7 hour transport on June 2, 2017;

c. Actually and/or deliberately intended to cause harm to Plaintiff and/or acted utterly indifferent to and/or consciously disregarded Plaintiff's welfare by failing to allow Plaintiff the opportunity use the bathroom after Defendants were on notice that Plaintiff urinated and defecated himself during the June 2, 2017;

d. Actually and/or deliberately intended to cause harm to Plaintiff and/or acted utterly indifferent to and/or consciously disregarded Plaintiff's welfare by failing to provide adequate ventilation and avoid extremely hot temperatures inside the

prison van for the entirety of the 6 to 7 hour trip that was filled with numerous inmates;

51. The actions taken by Defendants Randall Jr. and Griffin were taken within the scope of their employment of Defendant PTS of America such that Defendant PTS of America is liable for their actions.

52. As a direct and proximate result of one or more of the foregoing acts or omissions, Plaintiff sustained injuries, both physical and emotional.

53. As a result of these injuries, Plaintiff was caused to, and will in the future, experience physical and emotional pain and suffering.

## COUNT V

### Illinois Law – Intentional Infliction of Emotional Distress

### (Defendants PTS of America, James Hall Randall Jr., and Clayton Griffin)

54. Plaintiff re-alleges and incorporate by reference the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

55. On the date alleged herein, June 2, 2017, Defendants Randall Jr. and Griffin, and Defendant PTS of America, by and through its agents and/or employees Randall Jr. and Griffin, engaged in extreme and outrageous conduct as set forth in Paragraphs 1-29, *supra*. For example:

a. Defendants deliberately intended to cause harm to Plaintiff and/or consciously disregarded Plaintiff's welfare by failing to properly and/or adequately use safety restraints for Plaintiff, despite knowing that they would be traveling for at least 6 to 7 hours, making multiple stops, and numerous other prisoners were also in the prison van unsecured;

b. Defendants deliberately intended to cause harm to Plaintiff and consciously disregarded Plaintiff's welfare by failing to allow Plaintiff the opportunity use the bathroom during a 6 to 7 hour transport on June 2, 2017, despite Plaintiff's repeated requests to do so;

c. Defendants deliberately intended to cause harm to Plaintiff and consciously disregarded Plaintiff's welfare by failing to allow Plaintiff the opportunity use the bathroom after Defendants were alerted by Plaintiff that Plaintiff had urinated and

defecated himself in front of numerous other individuals, causing significant emotional and physical humiliation;

d. Defendants deliberately intended to cause harm to Plaintiff and/ consciously disregarded Plaintiff's welfare by failing to provide adequate ventilation and avoid extremely hot temperatures inside the prison van for the entirety of the 6 to 7 hour trip that was filled with numerous inmates; numerous inmates, including Plaintiff, repeatedly sought assistance from Defendants and asked for ventilation to cure the unbearably hot temperature within the prison van;

56. The actions set forth above and in Paragraphs 1-29, *supra*, were rooted in an abuse of power of authority. Plaintiff was powerless to remedy any of the egregious conduct that he suffered from during the 6 to 7 hour transportation. The conduct of these Defendants were undertaken with the intent and knowledge that there was a high probability that their conduct would result in, or inflict, severe emotional distress, with reckless disregard of that probability.

57. The actions taken by Defendants Randall Jr. and Griffin were taken within the scope of their employment of Defendant PTS of America such that Defendant PTS of America is liable for their actions.

58. As a direct and proximate result of one or more of the foregoing acts or omissions, Plaintiff sustained injuries, both physical and emotional.

59. As a result of these injuries, Plaintiff was caused to, and will in the future, experience physical and emotional pain and suffering.

## COUNT VI

### Illinois Law – *Respondeat Superior*

### (Defendant PTS of America)

60. Plaintiff re-alleges and incorporate by reference the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

61. Defendants Randall Jr. and Griffin were, at all times relevant, employees and agents of Defendant PTS of America. Each of the above-named individual Defendants were acting within the scope of his employment at all times relevant, and their acts and omissions constituting a tort(s) are directly chargeable to their employer-principal, Defendant PTS of America, under state law pursuant to *respondeat superior*.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court enter a judgment against Defendants for:

1. Compensatory and punitive damages in an amount to be determined;
2. Attorneys' fees, expenses, and costs;
3. Other such relief that this Court deems just, proper, and equitable

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury for of the issues pled so triable.

Respectfully Submitted,

Hall Prangle & Schoonveld LLC

By: /s/ Marilee Clausing
/s/ Matthew Kaminski
Hall Prangle & Schoonveld LLC
200 South Wacker Drive, Suite 3300
Chicago, IL 60602
312-267-6972
*Pro Bono Attorneys for Plaintiff*